## DeSanto *v.* Coolbaugh Township (et al., Appellant).

Argued April 19, 1962. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Charles Bensinger,* with him *R. L. Mervine,* and *Bensinger & Bensinger,* for appellants.

*James T. Kitson,* with him *George T. Robinson,* for appellees.

OPINION BY MR. JUSTICE COHEN, June 28, 1962:

In 1938, John DeSanto became the owner in fee simple of a tract of land situate in Monroe County. The property in question is improved by a large mansion house in which DeSanto operates a hotel business with licensed bar.

For many years the location of the boundary line between the Township of Tobyhanna (an appellant), and the Township of Coolbaugh (an appellee), was in doubt, particularly in the area of the DeSanto property. For the year 1938 and for many years prior thereto, the premises now belonging to DeSanto was assessed in Coolbaugh Township and the various taxes were paid to the Coolbaugh Township tax collector.

Upon acquiring title to the property in 1938, however, DeSanto notified the commissioners of Monroe County in writing, as required by the Act of 1933, May 22, P. L. 853, §413, 72 P.S. §5020-413, that he had elected to choose appellant township as the place of residence of the occupants of his property and that he wished his property to be assessed in said township. The relevant portion of the Act of 1933 provides: "Whenever the dividing line between any township and city or borough, or between any two townships, as now or may be hereafter located, shall pass through the mansion house of any tract of land, the owner of the land so divided may choose, as the place of residence of its occupants, either of the townships or the bor-

ough, by a written notice of his election to the commissioners of the county. A choice once so made shall be binding on the owner and occupiers of such mansion house and on future owners thereof. In case of the neglect or refusal of the owner of such land to make an election as aforesaid, the persons occupying said mansion house shall be regarded as residing wholly within the township, and the elected or appointed assessors of such township shall, in such case, or when he elects to reside in the township, assess therein such persons, and all the tract of land on which such mansion house is erected." (72 P.S.§5020-413).

Again in 1945, DeSanto advised the commissioners of Monroe County in writing to the same intent and effect in order to comply with the Act of 1943, May 21, P. L. 571, §610, 72 P.S. §5453.610, which repealed and reenacted the above-quoted section of the Act of 1933 and has wording identical with the latter.

Notwithstanding the election by DeSanto for the year 1939 (and thereafter until the present time) the property was assessed in both townships.

Accordingly, in 1940, DeSanto brought a bill in equity against the Township of Coolbaugh and several of its officials praying for an adjudication verifying the establishment of his residence in Tobyhanna Township in. accordance with his written election. Appellees were made parties nunc pro tunc by stipulation filed in the case.

DeSanto, with leave of the court, paid the prothonotary the highest amount of the taxes assessed against his property for the years 1939 and 1956, inclusive, and after filing his bill in equity indicated to the court his willingness to pay the remaining taxes to whichever township the court should indicate was entitled to them.

From the institution of the action in 1940 until late 1956, the litigation was in abeyance. During this pe-

riod, the parties met at various times and discussed the advisability of a survey to establish the exact location of the aforementioned township line. Since none of the parties was willing to assume the cost of such an undertaking, no satisfactory evidence could be produced to prove the exact location of the line, and, consequently, the case could not be set down for hearing. Finally, in 1955, all the parties involved in the matter, including the chief assessor of Monroe County, agreed that the disputed township line passed through the DeSanto mansion house.

Other relevant information indicates that DeSanto's daughter attended the Coolbaugh Township Consolidated School between 1935-1939; that the portion of DeSanto's liquor license fee to which the municipality in which the licensed premises is located is entitled has been paid to Tobyhanna Township supervisors from 1938 up to the present time; and that DeSanto has been registered as a voter in Tobyhanna Township since 1937.

Finally in 1958, the court below dismissed the DeSanto bill and struck off assessment of the property by Tobyhanna Township, directing that the taxes held in escrow by the prothonotary be paid to Coolbaugh Township and its school district. Thereupon, appellants filed a petition for a rehearing accompanied by depositions in support of their motion. The lower court refused the rehearing, dismissed the exceptions filed by the appellants and ordered the entry of its decree. This appeal followed.

The real question involved is the propriety of the lower court's determination that the owners of the property in question had prior to 1938 made an election to have the property taxed in Coolbaugh Township, and that under the Act of 1933 the "choice once so made shall be binding on the owner and occupiers of said mansion house and on the future owners there-

of", therefore precluding any attempted election by De-Santo.

There is nothing in this situation which would compel us to reverse the findings of fact and the conclusions of law of the chancellor who heard the case, as affirmed by the lower court sitting en banc. We agree with the lower court's determination that the payment by DeSanto's predecessor-in-title of the assessments made by appellee township and its officials between 1933 and 1938 constituted such a course of behavior so as to give rise to the presumption that said predecessor-in-title made an election to be taxed in Coolbaugh Township rather than Tobyhanna Township which is binding upon DeSanto.

This litigation has been in progress since 1940. The issues involved are not of such importance nor are they so involved that more than twenty years should have been required for their determination. We find, therefore, that the lower court concluded the matter satisfactorily.

Decree affirmed at appellants' costs.